MEMORANDUM **
Lakhbir Singh (“Singh”), his wife, Ramandeep Kaur, and their children, Par-minder Kaur and Sandeep Singh, are natives and citizens of India. Petitioners petition for review of the Board of Immigration Appeals’ (“BIA”) opinion which affirmed the Immigration Judge’s (“U”) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252.
Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this court reviews the decision of the BIA. See Molina-Morales v. INS, 237 F.3d 1048, 1050 (9th Cir.2001). We review the BIA’s denial of asylum, withholding of removal, and CAT relief for substantial evidence. Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003). We grant the petition and remand.
Substantial evidence does not support the BIA’s finding that changed country conditions rebutted Singh’s presumption of a well-founded fear of persecution based on facts in the 1997 Addendum to a State Department report on India (“Addendum”). See Chand v. INS, 222 F.3d 1066, 1079 (9th Cir.2000) (the decision of whether the presumption of a well-founded fear of persecution is rebutted requires an individualized analysis focusing on the specific harm that the petitioner suffered).
After the police arrested, beat, and threatened to kill Singh the second time, Singh left his home in the Punjab in 1996 to live with his aunt and uncle outside of the Punjab. Singh lived there until he left India in December 1997. The BIA erred in finding that he lived outside of the Punjab without incident as the record shows that the police continued to look for him there. The BIA also erred in finding that Singh failed to present “countervailing” evidence that his specific fear remained reasonable. Singh testified that the police continued to look for him outside of the Punjab, arrested his elderly father several times when they could not locate Singh, beat his father so severely that he died, and were still threatening to kill him in 2003.
The BIA does not explain how the change in country conditions indicated in the July 1997 Addendum rebuts Singh’s particular fear of harm from the police, especially considering the fact that the police were harming his family and threatening to kill Singh after the date of the Addendum. See Garrovillas v. INS, 156 F.3d 1010, 1017 (9th Cir.1998) (“In the absence of any explanation as to how any change in conditions in the Philippines would serve to rebut [the petitioner’s] par *904 ticular fear of future persecution, the presumption stands unrebutted.”). Therefore, substantial evidence does not support the BIA’s conclusion. See id.
Neither the IJ nor the BIA considered whether the possibility of internal relocation rebuts Singh’s presumption of a well-founded fear of persecution. Accordingly, we grant and remand to the BIA to determine whether the government rebutted the petitioners’ presumption of a well-founded fear of persecution by establishing “by a preponderance of the evidence that, under all the circumstances, it would be reasonable” for them to relocate. See 8 C.F.R. § 208.13(b)(3), see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.